UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
DEC 17 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INFORMATION NO. 25-147-REW-MAS
18 U.S.C. § 1343

DONALD CHARLES BEATY

\* \* \* \* \*

**THE UNITED STATES CHARGES:**

## BACKGROUND

1. Victim 1 was born in 1935 and, at all relevant times, resided in Lexington, Kentucky.

2. **DONALD CHARLES BEATY** befriended Victim 1 sometime in or about 2018, and gained access to Victim 1's financial information.

## COUNT 1
## 18 U.S.C. § 1343

3. The Background section of this Information is realleged and incorporated by reference as if set forth fully therein.

4. On or about October 2018, through on or about November 30, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

## DONALD CHARLES BEATY

devised and intended to devise a scheme to defraud and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

5. **BEATY** induced Victim 1 to write checks to **BEATY**, give **BEATY** cash, and grant **BEATY** access to her bank account, all under the pretense that **BEATY** would help Victim 1 pay Victim 1's bills. In fact, **BEATY** deposited the funds into his own bank account, and then transferred, or caused to be transferred, the funds to other entities for his personal benefit. In total, from 2020 through 2023, **BEATY** received over $300,000 from Victim 1.

6. In or about, and after February 2022, **BEATY**, knowing that Victim 1 was suffering from dementia and was unable to make financial decisions, drove Victim 1 to the bank to withdraw cash from Victim 1's account and continued to accept checks from Victim 1.

7. **BEATY** knew that Sidney Beaty, his daughter, was stealing funds from Victim 1 to pay Sidney Beaty's credit cards bills.

### EXECUTION OF THE SCHEME

8. On or about February 22, 2022, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### DONALD CHARLES BEATY,

for the purpose of executing the scheme described above, and in order to effect the objects thereof, deposited a check, made payable to himself for $3500 from Victim 1's

Central Bank account into his Stock Yards Bank account, and thereafter, transmitted, or caused to be transmitted, by means of wire communication in interstate commerce a transaction of $353.75 to Santander Bank for an account in his own name.

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offense alleged in the Information, **DONALD CHARLES BEATY** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. §1343. Any and all interest that **DONALD CHARLES BEATY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendant as a result of the violation.

3. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNT 1:** Not more than 20 years imprisonment, a fine of not more than $250,000 or an amount not more than twice the gross gain or twice the gross loss, whichever is greater, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture, as alleged.